SLIP OPINION

Cite as 2016 Ark. 132

# SUPREME COURT OF ARKANSAS

No. CV–16–187

| | |
|---|---|
| IN RE ARKANSAS BAR ASSOCIATION PETITION TO AMEND RULES 1.2, 4.2, AND 4.3 OF THE ARKANSAS RULES OF PROFESSIONAL CONDUCT | **Opinion Delivered** March 17, 2016 |

## PER CURIAM

The Arkansas Bar Association, its House of Delegates, and its Professional Ethics Committee filed a petition with the Supreme Court to amend the Arkansas Rules of Professional Conduct to facilitate the ability of lawyers to engage in limited scope or "unbundled" legal representation. They state that the intent of these amendments is to increase access to justice for Arkansas's indigent and working poor.

The petition describes the proposed changes as follows:

**Rule 1.2(c).** The change to Rule 1.2 adds language clarifying when a client's informed consent must be in writing.

**Rule 4.2.** The change to Rule 4.2 provides that a person with a limited scope attorney is to be considered unrepresented unless the opposing attorney is given written notice of the limited scope representation and that the opposing attorney shall not communicate with the person regarding the matters designated in the notice of limited scope representation.

**Rule 4.3.** The change to Rule 4.3 is essentially the same as Rule 4.2 in that a person to whom limited scope representation is being provided is to be considered unrepresented for



purposes of Rule 4.3 unless written notice of the limited representation is provided to the opposing attorney.

The Arkansas Bar Association's petition is now before the court. To assist our deliberations, we solicit comments from the bench and bar. The rules are set out below with new language underlined. In addition, we encourage everyone to review the petition, including all exhibits. The petition is available on the court's website: [https://contexte.aoc.arkansas.gov/imaging/IMAGES/DMS/CK_Image.Present2?DMS_ID=2UJBO4XMKFF08D9L5QZJ2X4UKK70AR.] The exhibits include information from the American Bar Association discussing limited scope representation in the United States.

Comments should be made in writing before May 1, 2016, and they should be addressed to: Stacey Pectol, Clerk, Supreme Court of Arkansas, Attn.: Code of Professional Conduct, Justice Building, 625 Marshall Street, Little Rock, Arkansas 72201.

### Arkansas Rules of Professional Conduct

### Rule 1.2. Scope of Representation and Allocation of Authority Between Client and Lawyer

(a) Subject to paragraphs (c) and (d), a lawyer shall abide by a client's decisions concerning the objectives of representation, and, as required by Rule 1.4, shall consult with the client as to the means by which they are to be pursued. A lawyer may take such action on behalf of the client as is impliedly authorized to carry out the representation. A lawyer shall abide by a client's decision whether to settle a matter. In a criminal case, the lawyer shall abide by the client's decision, after consultation with the lawyer, as to a plea to be entered, whether

SLIP OPINION

to waive jury trial and whether the client will testify.

(b) A lawyer's representation of a client, including representation by appointment, does not constitute an endorsement of the client's political, economic, social or moral views or activities.

(c) A lawyer may limit the scope of the representation if the limitation is reasonable under the circumstances and the client gives informed consent.

(1) The client's informed consent must be confirmed in writing unless:

(A) the representation of the client consists solely of a telephone consultation;

(B) the representation is provided by a lawyer employed by a nonprofit legal services program or participates in a program authorized by Rule 6.5 and the lawyer's representation consists solely of providing information and advice or the preparation of legal documents; or

(C) the court appoints the attorney for a limited purpose that is set forth in the appointment order.

(2) If the client gives informed consent as required by this rule, there shall be a presumption that:

(A) the representation is limited to the attorney and the services as agreed upon; and

(B) the attorney does not represent the client generally or in matters other than those as agreed upon.

(d) A lawyer shall not counsel a client to engage, or assist a client in, conduct that the lawyer

SLIP OPINION

knows is criminal or fraudulent, but a lawyer may discuss the legal consequences of any proposed course of conduct with a client and may counsel or assist a client to make a good faith effort to determine the validity, scope, meaning, or application of the law.

**Rule 4.2. Communication with Person Represented by Counsel**

(a) In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law.

(b) A person to whom limited scope representation is being provided or has been provided in accordance with Rule 1.2(c) is considered to be unrepresented for purposes of this rule unless the opposing lawyer has been provided with a written notice of the limited scope representation. If such notice is provided, the opposing lawyer shall not communicate with the person regarding matters designated in the notice of limited scope representation without consent or authorization as provided by Rule 4.2(a).

**Rule 4.3**. **Dealing With Unrepresented Person**

(a) In dealing on behalf of a client with a person who is not represented by counsel, a lawyer shall not state or imply that the lawyer is disinterested. When the lawyer knows or reasonably should know that the unrepresented person misunderstands the lawyer's role in the matter, the lawyer shall make reasonable efforts to correct the misunderstanding. The lawyer shall not give legal advice to an unrepresented person, other than the advice to secure counsel, if the lawyer knows or reasonably should know that the interests of such a person

SLIP OPINION

are or have a reasonable possibility of being in conflict with the interests of the client.

(b) A person to whom limited scope representation is being provided or has been provided in accordance with Rule 1.2(c) is considered to be unrepresented for purposes of this rule unless the opposing lawyer has been provided with a written notice of the limited scope representation. If such notice is provided, the person is considered to be unrepresented regarding matters not designated in the notice of limited scope representation.